IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE CALATAYUD, #R-25698, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 12-cv-792-JPG |
| ) | |
| JACK TOWNLEY, ) | |
| JEFFREY B. JULIUS, TY BATES, ) | |
| ALLEN J. APARICIO, ) | |
| MICHAEL E. SANDERS, ) | |
| HAROLD W. SCHULER, and ) | |
| MARK BROWN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, regarding claims that arose while he was incarcerated at Big Muddy Correctional Center ("BMCC"). Plaintiff claims that Defendants Townley and Julius (correctional officers) retaliated against him by filing false disciplinary charges, and conspired with Defendants Schuler, Bates, Sanders, Aparicio, and Brown to find him guilty of those false charges. He further asserts that Defendants Sanders, Aparicio, and Brown violated his due process rights in the conduct of three hearings on the same false disciplinary charges.

The specific allegations in Plaintiff's complaint are as follows. In November 2010, Defendant Townley conducted a shakedown of Plaintiff's cell, and wrote him a disciplinary ticket for having too many appliances. Plaintiff was required to send his typewriter and lamp

home. This infraction was ultimately expunged (Doc. 1, p. 4). After this incident, Defendant Townley taunted Plaintiff several times, commenting that he would not be typing any more.

In April 2011, Defendant Townley wrote Plaintiff another ticket for wearing a necklace chain outside his shirt, and confiscated the chain. This ticket was also expunged, and the chain returned to Plaintiff. Beginning at that time, Plaintiff filed numerous grievances complaining about Defendant Townley's harassment (Doc. 1, p. 6). In addition, starting in February 2011 Plaintiff's fiancee made numerous calls to staff at BMCC and other IDOC officials on Plaintiff's behalf, seeking relief from Defendant Townley's harassment. Several of these discussions were with Defendant Bates (the BMCC warden) and Defendant Schuler (BMCC internal affairs officer) (Doc. 1, p. 7; Doc. 1-1, p. 1).

In May 2011, Defendant Townley confronted Plaintiff in the prison gym for wearing unauthorized clothing (Russell Athletic shorts). Plaintiff protested that he had purchased the shorts from the commissary at another prison. Noticing that Plaintiff was again wearing the previously-confiscated chain, Defendant Townley threatened Plaintiff with future disciplinary action that Plaintiff would not win (Doc. 1, p. 5). Defendant Townley confiscated the athletic shorts and wrote another disciplinary ticket, for unauthorized property and insolence (Doc. 1, p. 9). Plaintiff was found guilty of these infractions, at a hearing that was held by Defendants Sanders and Aparicio without Plaintiff being allowed to attend or respond to the charges (Doc. 1, p. 9). Plaintiff's punishment consisted of gym and yard restrictions and a reduction to C-grade status. *Id.* Later in May, Defendant Townley told Plaintiff he did not care how many grievances Plaintiff files or whether Plaintiff's girlfriend complains to the Governor, he will show Plaintiff "who's got the big nuts" (Doc. 1, p. 5). Despite Plaintiff having been found guilty on the

disciplinary charges for unauthorized clothing and insolence, in June 2011 he was given a replacement pair of shorts by another prison official, free of charge (Doc. 1, p. 10).

In July 2011, Defendant Julius wrote two disciplinary tickets on Plaintiff. In one incident, he was charged with assaulting another inmate and unauthorized movement. In the other, he was charged with abuse of privileges and a security violation for giving a larger ice ration to inmates who belonged to a certain gang. Hearings on these infractions were held on July 23, 2011, conducted by Defendants Brown and Aparicio. On the assault incident, Plaintiff's request for three correctional officers and one inmate (the alleged victim) to be called as witnesses was not honored, nor were these witnesses interviewed (Doc. 1, p. 11). Plaintiff was found guilty by Defendants Brown and Aparicio based only on the testimony of Defendant Julius. He was punished with three months segregation, revocation of three months good conduct credit, and a disciplinary transfer, among other sanctions (Doc. 1, pp. 5, 11). Plaintiff was also found guilty of the charges from the ice incident, and was given another three months segregation and loss of three months good conduct credit. Defendants Brown and Aparicio again refused to interview or call on any of the witnesses (all correctional officers) requested by Plaintiff, and relied only on Defendant Julius' testimony (Doc 1, pp. 12, 15). Plaintiff asserts his witnesses would have testified that he did nothing wrong in passing out the ice.

In late July, Defendant Julius told Plaintiff that he and Defendant Townley had made a bet over which of them could have Plaintiff transferred, and it looks like he would win the bet. When Plaintiff said he planned to grieve the bogus disciplinary ticket, Defendant Julius responded that Plaintiff had picked the wrong person (meaning Defendant Townley) to mess with (Doc. 1, p. 6).

Plaintiff seeks compensatory damages, a transfer to another prison, and expungement of the disciplinary charges.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Townley and Julius for retaliation and conspiracy to retaliate (Count 1), against Defendants Townley, Julius, Aparicio, and Brown for conspiracy to find him guilty of false disciplinary charges (Count 2), and against Defendants Aparicio and Brown for deprivation of a liberty interest without due process (Count 3).  However, the claims against Defendants Sanders, Bates and Schuler are dismissed on initial review.

Plaintiff alleges that Defendants Bates and Schuler "failed to protect" him from the retaliatory actions of Defendant Townley, over whom they had supervisory authority.  However, the doctrine of *respondeat superior* is not applicable to § 1983 actions; a prison official must be personally involved in the unconstitutional activity in order to be held liable.  *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).  Additionally, the only allegations against Defendant Bates in the "conspiracy" claim is that he "affirmed" the guilty finding on the false disciplinary charges for wearing the gym shorts (Doc. 1, p. 10).  The only allegation against Defendant Schuler is that he refused to get involved in Plaintiff's efforts to involve other officials to stop the retaliation by Defendant Townley (Doc. 1, p. 10).  None of these claims indicate that Defendants Bates or Schuler were "personally responsible for the deprivation of a constitutional right." *Sanville*, 266 F.3d at 740.  Accordingly, Defendants Bates and Schuler shall be dismissed from this action.

Defendant Sanders shall also be dismissed. Plaintiff alleges that he violated Plaintiff's due process rights in the conduct of the disciplinary hearing over the gym shorts incident, when the hearing was held without Plaintiff being present. Plaintiff thus was unable to present evidence to contest the charges. In a disciplinary hearing, an inmate is entitled to receive the procedural protections outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974) (advance written notice of the charge, right to appear before the hearing panel, the right to call witnesses if prison security allows, and a written statement of the reasons for the discipline imposed). If one or more of these rights is denied, and the prisoner is then sanctioned with disciplinary segregation of a sufficient duration and under conditions significantly more harsh than in normal confinement, s/he may then have a colorable claim for a due process deprivation of a liberty interest. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009); *see also Sandin v. Conner*, 515 U.S. 472 (1995); *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997).

In the hearing over the gym shorts infraction, presided over by Defendants Sanders and Aparicio, Plaintiff's absence was a violation of the *Wolff* principles. However, Plaintiff was not deprived of any liberty interest as a result of being found guilty in that proceeding, as he merely lost gym and yard privileges and received a demotion to C-grade. *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to C-grade status). Accordingly, Plaintiff fails to state a constitutional claim against Defendant Sanders, and he shall be dismissed. As noted above, Plaintiff may proceed on his claims against Defendants Aparicio and Brown based on the imposition of segregation after the hearings on the assault and ice distribution charges.

**Disposition**

Defendants **BATES, SANDERS,** and **SCHULER** are **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendants **TOWNLEY, JULIUS, APARICIO** and **BROWN:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received

by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   September 12, 2012**

*s/J. Phil Gilbert*
**United States District Judge**