UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JESSE CALATAYUD,

    Plaintiff,

        v.

JACK TOWNLEY, JEFFREY B. JULIUS, TY
BATES, ALLEN J. APARICIO, MICHAEL E.
SANDERS, HAROLD W. SCHULER and
MARK BROWN,

    Defendants.

Case No. 12-cv-792-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 47) of Magistrate Judge Philip M. Frazier recommending that the Court overrule plaintiff Jesse Calatayud's objection to the affidavits submitted by the defendants in support of their summary judgment motion (Doc. 38) and grant that summary judgment motion (Doc. 35). The defendants and Calatayud have objected to the Report (Docs. 49 & 52). Calatayud has asked for leave to submit additional exhibits in support of his objection (Doc. 54), and the defendants object to that request (Doc. 55).

I.    **Report and Recommendation Review Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**II.     Background**

In this case, Calatayud alleges that defendant Jack Townley conducted a shakedown of his cell in November 2010 while he was housed at Big Muddy River Correctional Center ("Big Muddy"). Townley wrote Calatayud a disciplinary ticket for having too many appliances, so Calatayud selected two of his appliances to be sent out of the institution. The disciplinary ticket was expunged.

In April 2011, Townley wrote Calatayud another disciplinary ticket for wearing a necklace chain outside his shirt in violation of prison rules, and confiscated the chain. This ticket was also expunged, and the chain was returned to Calatayud. Calatayud filed a grievance about this incident.

In May 2011, Townley confiscated Calatayud's athletic shorts on the grounds that they were unauthorized clothing because they had writing on them in violation of prison rules. Townley also threatened Calatayud with future disciplinary for wearing his chain again. Townley issued Calatayud another disciplinary ticket, for unauthorized property and insolence. Calatayud filed several grievances after these events. Townley told Calatayud he did not care how many grievances Calatayud filed or how many calls his girlfriend made to state officials, he would show Plaintiff "who has the bigger nuts."

Defendant Allen J. Aparicio was one of the hearing officers hearing the May disciplinary ticket. Calatayud was not allowed to attend the hearing or respond to the charges, and he was found guilty. Calatayud's punishment consisted of 2 months of restricted access to the gym/yard. In June 2011, a prison official gave Calatayud a replacement pair of athletic shorts at no charge.

In July 2011, Defendant Julius wrote Calatayud two disciplinary tickets:  one for abuse of privileges and a security violation for giving a larger ice ration to inmates who belonged to a certain gang, the other for assaulting another inmate and unauthorized movement. Hearings on

these infractions were held on July 23, 2011, by defendants Mark Brown and Aparicio. For both tickets, Calatayud's witnesses were not called or interviewed; he was found guilty solely based on Julius' statements. Calatayud filed grievances on July 23, 2011, complaining of harassment and retaliation by Julius, Brown and Aparicio.

The warden denied one of Calatayud's grievances regarding his athletic shorts on August 3, 2011, but the defendants have not provided evidence he received a copy of this denial. Other grievances were returned to him because of an impending transfer out of Big Muddy. On August 17, 2011, Calatayud was transferred from Big Muddy to Pinckneyville Correctional Center ("Pinckneyville"). He then mailed his grievances to his girlfriend so she could copy them and send them to the ARB. The ARB did not receive any grievances regarding the matters at issue in this case.

The Court allowed three claims Calatayud pled in his complaint to proceed:

- Count 1 against Townley and Julius for retaliation and conspiracy to retaliate for Calatayud's filing grievances;

- Count 2 against Townley, Julius, Aparicio and Brown for conspiracy to find him guilty of false disciplinary charges; and

- Count 3 against Aparicio and Brown for deprivation of a liberty interest without due process.

The defendants have asked for summary judgment on all counts. In support of their motion, they have submitted four affidavits, each bearing the affiant's typewritten name preceded by an "s/" that obscures an underlying signature.

**III.   Report**

In the Report, Magistrate Judge Frazier found the affidavits submitted by the defendants were in a form that could be made admissible at trial but were redacted for public filing purposes and could therefore be considered by the Court in ruling on a summary judgment motion.

Magistrate Judge Frazier also found the defendants had not shown Calatayud had failed to exhaust all the remedies available to him as to the grievances he filed in April and May relating to the confiscation of his chain and shorts and the disciplinary hearings that followed.   However, he found the defendants had shown Calatayud had not exhausted all the available administrative remedies regarding his July grievances because there was no evidence they were actually sent to the ARB, either by Calatayud or by his girlfriend.

Magistrate Judge Frazier declined to address an argument for dismissal of Count 3 based on *Heck v. Humphrey*, 512 U.S. 477 (1994), because Count 3 was dismissed for failure to exhaust.

Magistrate Judge Frazier further found as to Calatayud's claim of retaliation against Townley in Count 1 that there is insufficient evidence for a reasonable jury to find that Calatayud suffered a deprivation or adverse action likely to deter his protected speech (filing grievances), that Calatayud's protected speech (as opposed to an effort to make Calatayud conform to prison rules) was a motivating factor in Townley's actions, or that Townley would not have taken the same actions even if Calatayud had not filed grievances.

Finally, Magistrate Judge Frazier found that Calatayud cannot bring a stand-alone conspiracy claim under 42 U.S.C. § 1983 without an underlying civil rights violation as he attempts to do in Counts 1 and 2.

**IV.   Objections**

    A.   <u>Defendants' Objections</u>

The defendants object (Doc. 49) to Magistrate Judge Frazier's recommendations as to certain issues in Calatayud's favor, although they do not object to the ultimate recommended result.   They do this to preserve the issued decided against them for appeal.   Because those issues are immaterial to the outcome of the case, the Court declines to comment on them.

B.     Calatayud's Objection: Additional Materials

Calatayud objects (Doc. 52), attaching 95 pages of exhibits in support of his objection.  He further asks the Court to allow him to submit an additional 101 pages of exhibits in support of his objection (Docs. 57-59) (some of the pages are duplicates).  This is in stark contrast to his response to the defendants' summary judgment motion (Doc. 40), which consists of a 9-page declaration, 7 pages of exhibits, a 14-page memorandum of law, and a 1-page statement of disputed material facts (Doc. 42) to which 4 pages of exhibits are attached.

Although it has the discretion to consider additional materials outside the motion briefing when considering an objection to a Report on the motion, the Court declines to do so for much of the additional material Calatayud submits.  "[S]ummary judgment is the 'put up or shut up' moment in the life of a case."  *AA Sales & Assocs. v. Coni-Seal, Inc.*, 550 F.3d 605, 612 (7th Cir. 2008).  Parties should not be allowed to raise new arguments or evidence after a Report that they declined to present in the motion briefing.  *See United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000); *Divane v. Krull Electric Co.*, 194 F.3d 845, 849 (7th Cir. 1999).  This is especially true where the party offers no legitimate reason for failing to submit the evidence or arguments in the original motion briefing or where the party fails to explain the relevance of the additional documents, *United States v. McClellan*, 165 F.3d 535, 550 (7th Cir 1999) (Courts are not "in the business of formulating arguments for the parties").

Here, Calatayud has submitted more than 100 pages of matter that was not included in his response to the defendants' summary judgment motion.  He gives no explanation of why he did not include those documents with his original brief or how they are relevant to the issues before the Court.  Additionally, a large part of the documents consists of an unsworn statement that contains hearsay, which is not competent evidence.  To the extent Calatayud's new documents are copies of documents already in the summary judgment briefing, the Court considers them.  Otherwise,

the Court disregards the newly submitted material.

        C.        <u>Calatayud's Objection: Substance of Objection</u>

In his 4-page objection (Doc. 52), Calatayud only objects to two specific areas of Magistrate Judge Frazier's recommendation: (1) that the Court should consider the affidavits submitted by the defendants with redacted signatures and (2) that Calatayud's July grievances were not ever sent to the ARB. The Court will review those two issues *de novo*. The remainder of his objection is too vague to satisfy the requirements of Fed. R. Civ. P. 72(b). General objections to the magistrate judge's decision, without more, are not enough. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999) (citing *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991) (finding insufficient an objection stating "[p]laintiff now specifically objects to the determination of the Magistrate denying Plaintiff's request for relief")).

As to Calatayud's objections to the use of the defendants' affidavits, the Court finds that Magistrate Judge Frazier was correct in his analysis and conclusion. The Court further notes that the defendants' counsel is obliged to retain the originally signed documents until five years after this case ends. SDIL ECF Rule 7 (2012). Should there be a serious question about the authenticity of the signature, the Court may demand inspection of the original.

As to Calatayud's objection to the finding that his July grievances were never sent to the ARB, the Court has not located any evidence in the summary judgment briefing showing that Calatayud or his girlfriend sent those documents to the ARB as required to exhaust administrative remedies. On the other hand, there is evidence that the ARB did not receive Calatayud's grievances. For this reason, the Court finds Magistrate Judge Frazier's analysis and conclusion was correct.

As for the other matters addressed in the Report, the Court finds the Report is not clearly erroneous or contrary to law.

V.        **Conclusion**

Accordingly, for the foregoing reasons, the Court:

- **DENIES** Calatayud's motion to submit additional objection material (Doc. 57);

- **OVERRULES** the defendants' and Calatayud's objections to the Report (Doc. 49 & 52);

- **OVERRULES** Calatayud's objection to the affidavits submitted by the defendants in support of their summary judgment motion (Doc. 38);

- **ADOPTS** the Report in its entirety (Doc. 47);

- **GRANTS** the defendants' motion for summary judgment (Doc. 35);

- **DISMISSES without prejudice:**
    - Count 1 and Count 2 against defendant Julius;
    - Counts 2 and Count 3 against defendants Aparicio and Brown;

- **DISMISSES with prejudice:**
    - Count 1 for conspiracy and Count 2 for conspiracy against defendant Townley;

- **GRANTS** summary judgment in favor of defendant Townley on Calatayud's claim in Count 1 for retaliation; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   February 5, 2015**

                                          s/J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**